And again, the supreme court of Alabama, in the case of *Terry* v. *Allen,* 132 Ala. 657 [32 So. 664], lay down the same rule, as follows:

"Sustaining of one ground of demurrer to a complaint, though others are overruled, warrants final judgment against plaintiff, he not amending."

The presumption is always in favor of the decrees of a court being made upon proper ground, and error must always affirmatively appear before a reversal can be had. This principle was announced by our supreme court in the case of *Johnson* v. *Mullin,* 12 Ohio 10. And in the case of *Warder* v. *Jacobs,* 58 Ohio St. 77 [50 N. E. 97], the supreme court say:

"It is an established rule of reviewing courts that the error, for which a judgment may be reversed, must affirmatively appear on the face of the record."

The presumption is that the court, in passing upon the demurrer in this case, sustained the demurrer on the proper ground, that there was a misjoinder of parties, and the judgment could not be reversed unless it affirmatively appeared that it was only sustained on the other ground. For this reason the judgment of the court below must be affirmed.

**Metcalfe** and **Spence, JJ.,** concur.

---

### ERROR—INSURANCE.

[Lucas (6th) Court of Appeals, February 28, 1916.]

Kinkade, Chittenden and Richards, JJ.

Ohio National Life Ins. Co. v. Harmon G. Vernier.

**1. Court of Appeals not Precluded from Reversing on Weight of Evidence Because Trial Court Refused to Set Aside Verdict.**

Refusal by a trial court to set aside, on the weight of evidence, a verdict on retrial in that court after having set aside upon that ground a verdict in a former trial, does not preclude the court of appeals under Sec. 11577 G. C., from reversing the judgment on second trial on the weight of evidence.

Ohio National Ins. Co. v. Vernier.

**2. Rule of Two Reversals on Weight of Evidence Limited to Each Court.**

While Sec. 11577 G. C. denies the right to set aside a verdict a second time by the same court, yet it does not follow that a reviewing court may not reverse on that ground, the case never having been reversed on that ground in the higher court.

**3. Evidence of Insurance Written by Agent Competent in Defense in Action for Compensation.**

Evidence of the total amount of insurance written by an agent is competent in an action by him against an insurance company for salary claimed to be due, as bearing upon the question of whether the allegations of the petition that he had fully performed all of the conditions of his conduct were true and, particularly with respect to his loyalty thereto.

**4. Statements by Employe Against Interest Competent to Show Manner of Performance of Contract.**

Statements against his interest made by an insurance agent in the office of his counsel are competent evidence to show the manner of performance of his contract.

[Syllabus approved by the court.]

ERROR.

*O. S. Brumback,* for plaintiff in error.

*Ernest F. Baker,* for defendant in error.

## KINKADE, J.

Harmon G. Vernier brought an action in the court of common pleas to recover salary claimed to be due him as an agent of the plaintiff in error, and monies withheld by the company from amounts payable to him, by reason of a guaranty obligation that he had given to insure the payment of shortages on the part of another agent. The petition contained four causes of action, the first cause of action being for salary and expenses, and the fourth cause of action, to recover the money retained by the company, belonging to him, as I have mentioned. The other two causes of action were withdrawn by the court from the consideration of the jury. The jury returned a verdict in favor of the plaintiff for the amount claimed, with interest.

The plaintiff in error urges four grounds as justifying a reversal of this judgment, namely, the refusal of the court to permit the filing of an amendment to the answer, offered at the opening of the trial; errors in the admission and rejection of evidence; refusals to charge before argument as requested; and error in the charge.

The amendment to the answer tendered related only to attorney's fees sought to be recovered by the defendant below by reason of the character of the action. In view of the fact that the jury found in favor of the plaintiff, we think nothing further need be said about this assignment of error here.

We find no error of the trial court with respect to the refusals to charge before argument, as requested by defendant.

On pages 62 and 63 of the record, the defendant offered to show certain statements made by Vernier against his interest. This evidence was excluded by the court on the ground that it could only be competent as tending to impeach the statements of Vernier, and that the proper basis had not been laid, making it competent for that purpose. On page 64 the ruling of the court was withdrawn and the defendant was permitted to go into this subject. But for this withdrawal, and the evidence following, we think the rulings made on pages 62 and 63 would have been clearly erroneous and prejudicial.

On pages 80 and 81 of the record, the defendant sought to show the total amount of insurance written by Mr. Vernier during the term of his employment by the company. This evidence was objected to, objection sustained and exception saved. This evidence was surely competent as bearing upon the question of whether the allegations of the plaintiff that he had fully performed all the conditions of his contract, were true, and particularly with respect to his loyalty while so performing. We think the ruling of the court in this respect was erroneous and prejudicial.

Defendant also sought to show that at a meeting in the office of plaintiff's counsel where several parties were present, Mr. Vernier made statements against his interest. This evidence was rejected and exception saved. We think it was clearly competent as bearing on the issues of the case, for the same reasons mentioned above in respect to evidence excluded.

In the general charge, page 117, the court instructed the jury that, with respect to the defense of fraudulent conduct on the part of Vernier, set up in the answer, the burden was upon the defendant to prove that by a preponderance of the evidence. While it is true that the answer sets forth, with full detail,

many respects in which Vernier had not complied with his contract, but had, on the contrary, violated his contract, we think it entirely clear that evidence offered by the defendant to sustain the facts alleged in the answer in this respect could have been received under a general denial. *Mehurin* v. *Stone*, 37 Ohio St. 49, 50. The charge in the respect mentioned we think was erroneous and prejudicial to the defendant.

We have examined the evidence in this case with great care, and we are very clearly of the opinion that the verdict and judgment are not sustained by sufficient evidence, and particularly with respect to the allegation in the plaintiff's petition that he had performed all and singular the conditions of his contract. The performance of an agency contract of the character of that in issue in this case of necessity involves loyalty on the part of the agent, and it was a part of the plaintiff's case, to prove by a preponderance of the evidence that he had discharged the duties imposed upon him by the contract with loyalty and fidelity to his principal. We think the verdict and judgment with respect to his conduct in this regard are so manifestly at variance with the evidence as to necessitate a reversal.

It is claimed by the defendant in error that this court can not reverse the judgment on the ground that it is contrary to the evidence, under Sec. 11577 G. C. a verdict in favor of Vernier, and against the insurance company, rendered in a former trial of this action, having been set aside upon that ground by the court of common pleas. We are informed by counsel that upon the hearing of the motion for a new trial in this case, the trial court declined to pass upon the question of the sufficiency of the evidence for the reason that that question had been passed upon, as stated, at a former hearing of the case, and that, consequently, he was precluded, by reason of Sec. 11577 G. C. from considering that alleged error. In view of these facts, it is urged here that, inasmuch as the trial court could not set the second verdict aside on the ground mentioned, it must follow this court cannot do so, because we can only reverse for errors committed by the trial court. We cannot concur in this construction of the section mentioned. While the right to set aside the verdict a second time is denied by the same court, we think

it does not follow at all that this court may not review the case
on that assigned error, the case not having been before reversed
in this court on that ground.

For the reasons stated, the judgment of the court of com-
mon pleas will be reversed and the cause remanded for further
proceedings according to law.

**Richards** and **Chittenden**, JJ., concur.